

FILED
06 SEP 19 PM 2:40

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERBER LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br>vs.<br>VALERIE ADAMS, et al.,<br><br>        Defendants. | CASE NO. 05CV1243-BEN (CAB)<br><br>ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT (Docket No. 44) |

Plaintiff Gerber Life Insurance Company ("Gerber') has brought this interpleader action against potential beneficiaries of a life insurance it issued to Zeda Barnett ("Barnett"). Defendants Valerie Adams ("Adams") and James Jackson ("Jackson"), potential beneficiaries, move for summary judgment. The Motion is unopposed. For the reasons that follow, Defendants' Motion is **GRANTED**.

The facts are undisputed. Barnett's policy with Gerber named Eugene Orange ("Orange") as the sole beneficiary. In 2003, Barnett was murdered. Orange was convicted of the first degree murder of Barnett. Barnett was survived by three minor children: Khari Barnett ("Khari"), Kyrell Barnett ("Kyrell") and Kwame Jackson ("Kwame").

Under California law[1], "[a] named beneficiary of a . . . life insurance policy . . . who

---

[1] "Since federal jurisdiction is dependent upon diversity of citizenship, we are to be governed in our decision in this case by the law of the State of California." Davis v. Aetna Life Ins. Co., 279 F.2d 304, 307 (9th Cir. 1960).

feloniously and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . . ." Cal. Prob. Code § 252; see also Beck v. West Coast Life Ins. Co., 38 Cal.2d 643 (1952). Orange's conviction of "felonious and intentional killing" is conclusive evidence for purposes of Section 252. Cal. Prob. Code § 254; see also Estate of Castiglioni, 40 Cal. App. 4th 367, 374 (1995) (citation omitted). Accordingly, Orange is not entitled to any benefit as a beneficiary.

Barnett died intestate, leaving her three minor children (Khari, Kyrell and Kwame) as heirs. Guardians Ad Litem have been appointed for these minor children. This Court appointed Adams as the Guardian Ad Litem for Khari, and Jackson as the Guardian Ad Litem for Kwame. The California Superior Court appointed Adams as the Guardian Ad Litem for Kyrell. The insurance proceeds plus interest totaling $26,411.64 that is held in the Court's registry shall be paid over to the Guardians Ad litem and held for the benefit of Khari, Kyrell and Kwame to be divided equally among them.

Gerber is discharged as the stake holder. The Guardians Ad litem are authorized to pay $5000.00 to Gerber for its attorney's fees and costs.

**SO ORDERED.**

DATED: 9/18/06

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel